IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-91-KAC-DCP |
| JESSIE DAVID GOUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial and All Associated Deadlines [Doc. 13], filed on October 15, 2021. The Defendant asks the Court to continue the November 30, 2021 trial date and all pretrial deadlines, because counsel needs additional time to investigate legal and factual matters and determine the need for pretrial motions. Defense counsel states he has not yet had time to prepare the case for trial, even working with due diligence. The motion relates that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of March 1, 2022.

The Court finds Defendant Gough's motion to continue the trial and plea deadline is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to conduct legal and factual investigation, to determine the need for pretrial

motions, and to confer with his client. The Court finds these trial preparations cannot be concluded by the November 30 trial date or in less than four months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 13**] is **GRANTED**. The trial of this case is reset to **March 1, 2022**. The Court finds that all the time between the filing of the motion on October 15, 2021, and the new trial date of March 1, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial and All Associated Deadlines [**Doc. 13**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **March 1, 2022**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **October 15, 2021**, and the new trial date of **March 1, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **November 30, 2021**. Responses to motions are due on or before **December 13, 2021**;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 1, 2022**;

(6) The deadline for filing motions *in limine* is **February 11, 2022**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **February 10, 2022, at 1:30 p.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **February 18, 2022**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge