UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:21-CR-91-KAC-DCP |
| JESSIE DAVID GOUGH, | ) ) ) | |
| Defendant. | ) | |

**ORDER CONTINUING TRIAL AND CERTAIN PRETRIAL DEADLINES**

This criminal case is before the Court on Defendant's "Motion to Continue Trial and All Associated Deadlines" [Doc. 19]. Defendant's trial is currently scheduled to begin on May 17, 2022. Defendant moves the Court to continue the trial date, asserting that his counsel needs additional time "to review discovery, continue investigation, and pursue legal strategies" in order to "adequately prepare Mr. Gough's case" for trial [*Id.*]. Defendant further states that his "counsel has diligently attempted to prepare this case, but that under the time limits established by the Speedy Trial Act and set forth in the Court's Order, counsel" needs more time [*Id.* at 1-2 (citing 18 U.S.C. § 3161(h)(7))]. And the Government does not object to Defendant's motion [*Id.*].

The Court may extend a deadline for "good cause" upon a party's motion made "before the originally prescribed or previously extended time expires." Fed. R. Crim. P. 45(b)(1)(A). As is also relevant here, the Speedy Trial Act requires that a criminal case be tried within seventy (70) days after the later of the public filing of the Indictment or the Defendant's initial appearance. *See* 18 U.S.C. § 3161(c)(1). However, certain "periods of delay" are excludable. 18 U.S.C. § 3161(h).

For example, "any period of delay resulting from a continuance granted by [a] judge on [her] own motion or at the request of the [D]efendant or . . . the Government" is excludable if the Court granted the continuance because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Despite his best efforts and due diligence, Defendant's counsel needs to conduct further investigation to adequately prepare his client's case and represents his client's interests at trial. This is sufficient to establish "good cause" under Rule 45(b)(1)(A) to support Defendant's motion to continue the trial and extend all unexpired pretrial deadlines.

In addition, the ends of justice served by continuing this trial outweigh the best interest of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Defendant's counsel needs additional time to investigate before he can adequately prepare for and represent Defendant at trial. Failure to grant a continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). And a failure to continue this case would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly, the Court **GRANTS** Defendant's motion [Doc. 19] and **AMENDS** the "Order on Discovery and Scheduling" [Doc. 8], "Amended Order on Discovery and Scheduling" [Doc. 12], "Memorand[a] and Order[s]" [Docs. 14, 16], and "Pretrial Order" [Doc. 18]. The Court **EXTENDS** the plea agreement and reciprocal discovery deadlines to **August 1, 2022**. A pretrial conference shall be held before the undersigned on **August 23, 2022 at 11:00 a.m.** The trial is **RESCHEDULED** to **August 30, 2022 at 9:00 a.m.** Deadlines set as a number of days before trial are **RESET** in accordance with the rescheduled trial date [*See* Doc. 18].

The time between and including the original trial date of May 17, 2022, and the new trial date of August 30, 2022, is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A)-(B).

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

3